**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Francis David Walker, IV,<br><br>Debtor | Chapter 7<br>Case No. 26-10126 |

**ORDER DENYING DEBTOR'S MOTION TO ENLARGE TIME**

On July 2, 2026, Francis David Walker, IV, began this bankruptcy case by filing a voluntary petition. That day, he was ordered to file other required documents by July 16, 2026 [Dkt. No. 5]. He was also ordered to attend a hearing about two key matters on July 9, 2026 [Dkt. Nos. 6, 7]. Each order warned that Mr. Walker's case could be dismissed. And each order was sent to Mr. Walker by first class mail and by electronic mail that same day, July 2 [Dkt. No. 13] (and again by first class mail two days later [Dkt. Nos. 9-11]).

Mr. Walker did not attend the July 9 hearing. For reasons stated on the record at that hearing, his application to pay the filing fee in installments was denied and his case was dismissed. The dismissal was not based solely on Mr. Walker's absence. Rather, the Court gave other reasons for dismissing the case. The related orders, along with a July 9 notice about the dismissal, were mailed to Mr. Walker that day [Dkt. Nos. 16, 17] (and the notice was also sent to him by first class mail on July 11 [Dkt. No. 19]).

On August 6, 2026—i.e., nearly a month later—Mr. Walker filed a "Motion to Enlarge Time to Supplement Initial ('Skeleton') Bankruptcy Filing and Submit[] Court Fees" [Dkt. No. 20]. In the motion, Mr. Walker offers explanations for missing the July 9 hearing and the July 16 deadline to file required documents. He concedes, however, that his explanations are "no excuse" (and are "not an excuse" and "do not establish an 'excuse'") for his missteps. Nevertheless, he

asks the Court to reschedule the hearing and to extend the deadline. He does not directly acknowledge that his case has been dismissed.

Mr. Walker's petition indicates that he is a practicing lawyer. Thus, even if he is not familiar with bankruptcy law and practice, he should be familiar with the need to act promptly and diligently in pending court matters—to avoid adverse consequences such as the dismissal of a case. Yet, he did not act to avoid such consequences here. He has seemingly remained steadfastly uninformed about his case since filing his petition.[1] And he admits that, "on the eve of the deadline" to file required documents, he decided against asking for more time (seemingly unaware that his case had already been dismissed by then).

If, through his motion, Mr. Walker is indirectly asking the Court to vacate its order that dismissed the case, his request is denied. Among other reasons, his factual allegations (if accepted as true) are insufficient to support granting such relief under any legal theory that could reasonably apply here. Given that conclusion, rescheduling the hearing and extending the deadline, as Mr. Walker directly requests, would be futile acts in this case. Those requests are denied accordingly.

Finally, in his motion, Mr. Walker speculates that his mail could be "possibly intercepted" at his home, which is his address of record in this case. The Court strongly encourages Mr. Walker to ensure that he has a way to receive important communications consistently. As a

[1] For example, Mr. Walker says that he is "uncertain as to the nature of the [July 9] hearing" because he does not have and "did not receive the notice of that hearing." As indicated above, there are two orders on the docket in this case that announced the July 9 hearing (both of which were mailed and emailed to Mr. Walker). Each order detailed a separate purpose for the hearing. The docket also has an audio recording of the July 9 hearing, which was added that day [Dkt. No. 15]. Mr. Walker listed addresses on his petition that indicate that he lives and works within less than half a mile of this Court in Bangor, Maine. Mr. Walker offers no explanation as to why he apparently made no attempt to review the docket before filing his motion—and apparently made no such attempt after he began this case, despite having begun the case under "emergency" circumstances in which he "feared that [his] ability to meet basic critical obligations was in immediate peril."

courtesy, and to help to ensure that Mr. Walker receives this Order, the Court Clerk is directed to send a copy to Mr. Walker at the email address listed on his petition, dwalker@walkerlaw.com, in addition to sending a copy by first class mail.

Dated: August 17, 2026

Michael A. Fagone
United States Bankruptcy Judge
District of Maine